Ryan J. Lorenz, NBN 8165
Nicholas M. Wieczorek, NBN 006170
**CLARK HILL PLC**
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone:  (480) 684-1107
Facsimile:  (480) 684-1167
Telephone: (702) 697-7543
Facsimile: (702) 862-8400
Email:  rlorenz@clarkhill.com
         nwieczorek@clarkhill.com

*Attorneys for Defendants Adamas One Corp. and John G. Grdina*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORUS STROUS, in his capacity as a shareholder of SCIO DIAMOND TECHNOLOGY CORP. brings this action derivatively on behalf of SCIO DIAMOND TECHNOLOGY CORP., and as a Class Action on behalf of himself and all other Adamas shareholders who are similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>BERNARD MCPHEELY, KARL LEAVERTON, GERALD MCGUIRE, LEWIS SMOAK, ADAMAS ONE CORP. and JOHN G. GRDINA,<br><br>     Defendants,<br><br>And<br><br>SCIO DIAMOND TECHNOLOGY CORP.,<br><br>     Nominal Defendant. | Case No. 2:22-CV-00256-JCM-EJY<br><br>**DEFENDANTS ADAMAS ONE CORP.'S AND GRDINA'S JOINDER IN MOTION TO DISMISS AND SEPARATE MOTION TO DISMISS** |

Defendants Adamas One Corp. ("Adamas") and John Grdina ("Grdina") hereby submit their joinder in the motion to dismiss [dkt. 28, 29] filed by Defendants McPheely, Leaverton, McGuire and Smoak (collectively, "Scio Defendants"). Specifically, Adamas and Grdina join in sections I and II, respecting the standard for granting a motion to dismiss, and the failure to make presuit demand as a predicate to a derivative shareholder action under Fed. R. Civ. P. 23.1(b)(3).

Defendants Adamas and Grdina separately move to dismiss for failure to state a claim upon which relief can be granted. The Plaintiff pleads three causes of action against Adamas and Grdina for: breach of fiduciary duty (count III), conspiracy and breach of contract (count IV) and unjust enrichment (count V). For the most part, the Scio Defendants are the target of this lawsuit—not Adamas and Grdina. There are insufficient allegations of Adamas' and Grdina's activities and conduct that would support a direct action against Adamas or a derivative action of Adamas against parties or non-parties that the Plaintiff does not specify. In other words, the second amended complaint ("SAC") is only joining Adamas and Grdina for pretextual reasons that are unsupported by the pled facts or any legal theory of recovery.

Lastly, the SAC manipulates the party statuses to confer jurisdiction by diversity. Scio Diamond Technology Corp ("Scio") and Adamas are Nevada corporations. The Plaintiff shoved Scio into the status of "nominal defendant" to avoid destruction of complete diversity of citizenship (i.e., Nevada corporate citizen versus Nevada corporate citizen). Thus, this court lacks subject matter jurisdiction.

**DATED** this 17 day of February 2023.

**CLARK HILL PLC**

By: /s/ Ryan J. Lorenz
Ryan J. Lorenz
Nicholas Wieczorek
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone:  (480) 684-1100
Facsimile:  (480) 684-1167
Telephone: (702) 697-7543
Facsimile: (702) 862-8400
Email: rlorenz@clarkhill.com
         nwieczorek@clarkhill.com
*Attorneys for Defendants Adamas One*
*Corp. and John G. Grdina.*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Adamas and Grdina incorporate by reference the Introduction and Factual Background sections of the motion to dismiss [dkt. 28, 29] filed by the Scio Defendants. Separately, Adamas and Grdina highlight the following facts as pled in the SAC.

Adamas and Scio were on opposites of an asset purchase agreement, under which Adamas acquired the assets of Scio and paid stated consideration for the same. Adamas had no contract or common law relationship with Scio's shareholders in that transaction. No such relationship has been pled.

The closest that the Plaintiff comes to pleading such relationship is an allegation that Adamas had some vague responsibility to tell Scio shareholders that they would become or had become shareholders of Adamas. SAC ¶ 130. That same paragraph also suggests that Adamas should not have entered into the Second Addendum – Adamas One Corp/Scio Diamond Technology Corporation Asset Purchase Agreement ("Second Addendum") on February 3, 2020 or should have

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

told the Scio shareholders about it. *Id.* The same paragraph of allegations concludes by suggesting that Adamas has failed to provide information to the Plaintiff concerning Adamas' performance (without reference to whether the Plaintiff means "performance of the Second Addendum" or "financial performance of the business"). *Id.* In conclusory fashion, the Plaintiff alleges "As a result of the misconduct alleged herein, the Adamas Class Action Defendants are liable to Plaintiff and the Class." *Id.*

The claim for conspiracy and breach has even less substance. Therein, the Plaintiff basically alleges that, because the Amended Asset Purchase Agreement contained an integration clause (e.g., "this agreement is the entire agreement between the parties") that a modification clause (e.g., "this agreement may only be modified in writing") is ineffective. SAC ¶ 133. In an incredibly novel and self-defeating allegation, the Plaintiff says that modifying the agreement constituted a breach of contract because of the integration clause. *Id.*

Lastly, as to the factual allegations, it is manifestly unclear what the Plaintiff is trying to accomplish against Adamas. Is the Plaintiff attempting to act derivatively for Adamas against Scio or the Scio Defendants? Derivatively against whom? Is the Plaintiff suing Adamas directly? The SAC is wholly unclear how the SAC is "a Class Action on behalf of himself and all other Adamas shareholders who are similarly situated". Situated how? The SAC is wholly devoid of allegations justifying the joinder of Adamas and Grdina to this lawsuit.

## II.   JOINDER IN SCIO DEFENDANT'S MOTION TO DISMISS

Adamas and Grdina join in and incorporate by reference section II of the Scio Defendants' motion [dkt. 28 at 9-13]. However, the analysis applies even more convincingly to Adamas, since there are no demand-futility allegations pertaining to Adamas whatsoever. SAC ¶¶ 89-104. Considering no pre-suit demand is alleged and no demand-futility are alleged, any claim for derivative relief against Adamas should be dismissed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    THERE IS NO CLAIM FOR BREACH OF CONTRACT

To prevail on a claim for breach of contract under Nevada law, a plaintiff must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865). Here, the Plaintiff alleges that Adamas breached its contract with Scio because it modified it.

"Nevada has long recognized a public interest in protecting the freedom of persons to contract". *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 300 P.3d 124, 128 (Nev. 2013) [citation omitted]. "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "Additional consideration is required to modify an existing contract. *Wells Fargo Bank, N.A. v. Windows USA, LLC*, 484 F. Supp. 3d 645, 653 (S.D. Iowa 2020) (applying Nevada law), citing *Ins. Co. of the W. v. Gibson Tile Co.*, 134 P.3d 698, 703 (Nev. 2006) (en banc).

In this case, the document itself recites that sufficient consideration was given. But specifically, Adamas assumed a liability for unpaid rent Scio owed in Greenville, South Carolina, that justified the reduction in the gross quantity of stock deliverable under the APA. Scio and Adamas made a commercial decision to modify their agreement. Modification for valid and stated consideration could not possibly form the basis for a claim of breach.

> Merger clauses are routinely incorporated in agreements in order to signal to the courts that the parties agree that the contract is to be considered completely integrated. A completely integrated agreement must be interpreted on its face, and thus the purpose and effect of including a merger clause is to preclude the subsequent introduction of evidence of preliminary negotiations or of side agreements in a proceeding in which a court interprets the document. See 2 FARNSWORTH ON CONTRACTS § 7.3 at 215–25.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sec. Watch, Inc. v. Sentinel Sys., Inc*., 176 F.3d 369, 372 (6th Cir. 1999). Merger or integration clauses are not intended to lock the parties into an agreement, particularly if both sides want to modify it for mutual advantage, and for consideration. Thus, as a matter of law, there cannot possibly have been a claim for breach based upon the facts pled by the Plaintiff.

**IV.    THERE IS NO CLAIM FOR CIVIL CONSPIRACY OR FIDUCIARY BREACH.**

Civil conspiracy occurs when two or more people act "to accomplish an unlawful objective for the purpose of harming another," with resulting damage. *Guilfoyle v. Olde Monmouth Stock Transfer Co*., 335 P.3d 190, 198 (Nev. 2014), citing *Consol. Generator–Nevada, Inc. v. Cummins Engine Co*., 971 P.2d 1251, 1256 (Nev. 1998). "To establish a claim for civil conspiracy, a plaintiff must show: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Eastwood v. Lehman Bros. Bank, FSB*, No. 3:09–CV–00656–LRH, 2010 WL 2696479, at *2 (D.Nev. July 2, 2010), citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). "Further, the cause of action must be pled with particular specificity as to 'the manner in which a defendant joined in the conspiracy and how he participated in it.' " *Eastwood*, *supra*, 2010 WL 2696479, at *2, quoting *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D.Nev. 1984).

Here, the Plaintiff does not plead that Adamas or Grdina committed an underlying tort. The only conceivable claim pled that sounds in tort is breach of fiduciary duty. See Restatement (Third) of Torts: Liab. For Econ. Harm § 16 (2022). "A breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of

the relation." *Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1120 (D. Nev. 2014), quoting *Stalk, supra.* "To prevail on a breach of fiduciary duty claim, the plaintiff must establish: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Takiguchi, supra,* quoting, *Klein v. Freedom Strategic Partners, LLC*, 595 F.Supp.2d 1152, 1162 (D.Nev.2009).

The claim for breach of fiduciary duty is not pled with the requisite particularity (or any particularity at all). The Plaintiff simply alleges that Adamas failed to correct problems created by Scio, failed to inform shareholders of the issuance of stock to Scio shareholders, failed to perform (something). None of these, on their face, constitute breaches of a fiduciary duty. Moreover, the SAC never makes clear when Adamas and its management became fiduciaries to Scio shareholders. As such there is no clear timeline of when Adamas did something wrong and whether it owed a duty at the time.

## V.  THERE IS NO CLAIM FOR UNJUST ENRICHMENT

"The essential elements of an unjust enrichment claim are (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit." *Chachas v. City of Ely, Nev.*, 615 F. Supp. 2d 1193, 1208 (D. Nev. 2009) [citations omitted]. This claim is premised on a transaction between Scio and Adamas in which the Plaintiff perceives a commercial loss. If every stock investment that lost money formed the basis for a claim for unjust enrichment, half the participants in every stock trade would be lined up at the courthouse to sue their brokers, buyers and sellers.

The retention of the benefit must be inequitable. *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). Here, nothing is pled to support a conclusion that the benefits conferred between Scio and Adamas were so

disproportionate as to constitute an inequitable, fraudulent or even an unfair exchange of consideration.

## VI.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1332, diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267. (1806).

> Although the plaintiff is generally the master of his complaint, diversity jurisdiction "cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69, 62 S.Ct. 15 (1941). Instead, a court must realign the parties in order to protect our judgments against artful pleading and ensure an actual "collision of interest." *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co*., 197 U.S. 178, 181, 25 S.Ct. 420 (1905)); *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir.1983). The court should determine the "collision of interest" by reference to the "principal purpose of the suit" and not mere "mechanical rules." *Chase*, 314 U.S. at 69–70, 62 S.Ct. 15.

*In re Digimarc Corp. Derivative Litig*., 549 F.3d 1223, 1234 (9th Cir. 2008). "Because a derivative lawsuit brought by a shareholder is 'not his own but the corporation's,' the corporation 'is the real party in interest' and usually properly aligned as a plaintiff.'" *Digimarc, supra*, quoting *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 522-23, 67 S.Ct. 828 (1947). An exception is available when the directors or officers of the corporation are antagonistic to the shareholders. *Smith v. Sperling,* 354 U.S. 91, 95-96 n. 3, 77 S.Ct. 1112 (1957). Antagonism is to be determined from the pleadings and nature of the controversy. *Id.*

In this case, the Plaintiff pled the SAC to manipulate jurisdiction. SAC ¶ 86. The Plaintiff joined Scio as a nominal defendant. But in the body of the SAC, the Plaintiff notes that Scio's authority to transact business has been revoked by the Nevada Secretary of State. Scio's stock has been de-registered from the SEC. Scio is a party to a transaction adverse to Adamas, which the Plaintiff almost exclusively

pleads was wrongfully entered into and wrongfully performed. As such, Scio should be re-aligned as a plaintiff. The officers and directors of Scio, the Scio Defendants, have quite obviously separated themselves from the corporation.

The SAC fails to plead antagonism. "When there is no antagonism, the general rule from *Koster* applies, and the corporation should be aligned as a plaintiff." *Motameni v. Adams*, No. 3:21-CV-01184-HZ, 2021 WL 5281035, at *4 (D. Or. Nov. 8, 2021). Accordingly, there is no diversity since both Scio and Adamas are Nevada corporations. The court lacks subject matter jurisdiction.

## VII.   CONCLUSION

The SAC is largely devoid of allegations against Adamas. But it is chock full of empty claims and causes of action pled against Adamas and for reasons not specified, Grdina. The Plaintiff fails to allege pre-suit demand or futility in support of a derivative claim for Adamas. As to the supposed direct claims against Adamas, they fail as more particularly discussed above. The court lacks subject matter jurisdiction because the nominal defendant should be aligned as a plaintiff, thereby destroying diversity. The SAC should be dismissed as against Adamas and Grdina.

**DATED** this 17 day of February 2023.

**CLARK HILL PLC**

By: /s/ Ryan J. Lorenz
Ryan J. Lorenz
Nicholas Wieczorek
3800 Howard Hughes Parkway, Ste. 500
Las Vegas, NV 89169
Telephone:  (480) 684-1100
Facsimile:  (480) 684-1167
Telephone: (702) 697-7543
Facsimile: (702) 862-8400
Email: rlorenz@clarkhill.com
       nwieczorek@clarkhill.com
*Attorneys for Defendants Adamas One Corp. and John G. Grdina.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, a copy of the foregoing was served through the court's ECF/CM system to:

Martin A. Muckleroy
MUCKLEROY LUNT, LLC
6077 S. Fort Apache, Ste. 140F
Las Vegas, NV 89148
martin@muckleroylunt.com
*Attorneys for Plaintiff*

James Evangelista
Stuart J. Guber
EVANGELISTA WORLEY, LLC
500 Sugar Mill Road, Bldg. A, Ste. 245
Atlanta, GA 30350
jim@ewlawllc.com
stuart@ewlawllc.com
*Attorneys for Plaintiff*

Mary Bacon
SPENCER FANE LLP
300 S. Fourth St., Ste. 950
Las Vegas, NV 89101
mbacon@spencerfane.com
*Attorneys for Defendants*
*McPheely, McGuire, Leaverton, and Smoak*

Amy S. Conners
Brian J. Linnerooth
John A. Sullivan
BEST & FLANAGAN LLP
60 S. Sixth St., Ste. 2700
Minneapolis, MN 55402
aconners@bestlaw.com
blinnerooth@bestlaw.com
johnsullivan@bestlaw.com
*Attorneys for Defendants*
*McPheely, McGuire, Leaverton, and Smoak*

 */s/ Shonda L. Ordoñez*