MARTIN A. MUCKLEROY, ESQ.
Nevada Bar No. 009634
MUCKLEROY LUNT, LLC
6077 S. Fort Apache, Ste 140F
Las Vegas, NV 89148
Phone: (702) 907-0097
Direct: (702) 534-6272
Fax: (702) 938-4065
martin@muckleroylunt.com

*Attorneys for Plaintiff*

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORUS STROUS, in his capacity as a shareholder of SCIO DIAMOND TECHNOLOGY CORP. brings this action derivatively on behalf of SCIO DIAMOND TECHNOLOGY CORP., and as a Class Action on behalf of himself and all other Adamas shareholders who are similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BERNARD MCPHEELY, KARL LEAVERTON, GERALD MCGUIRE, LEWIS SMOAK, ADAMAS ONE CORP. and JOHN G. GRDINA<br><br>Defendants,<br><br>and<br><br>SCIO DIAMOND TECHNOLOGY CORP.,<br><br>Nominal Defendant. | Case No. 2:22-cv-00256-CDS-EJY<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF PURSUANT TO JUNE 14, 2024, ORDER** |

PLAINTIFF'S SUPPLEMENTAL BRIEF PURSUANT TO JUNE 14, 2024, ORDER

## **PLAINTIFF HAS VOLUNTARILY DISMISSED ALL OF THE CLAIMS**

In light of the fact that the Scio Individual Defendants abandoned Scio before the initial complaint was filed, on first blush the Ninth Circuit's decision in *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1237 (9th Cir. 2008), would seem to weigh in favor of realignment of Scio as a party plaintiff.  However, this is an unusual case and *Digimarc* instructs that "a court may consider not only the 'face of the pleadings' but 'the nature of the controversy.' This is especially important in cases where, as here, the corporation has not yet answered the plaintiffs' complaint." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1235–36 (9th Cir. 2008) (*internal citations deleted*) (*citing Smith v. Sperling*, 354 U.S. 91, 96 (1957)).

At is core, the Verified Second Amended Stockholder Derivative Complaint and Class Action Complaint [ECF 26] ("Complaint") alleges that the individual defendants conspired to reduce the sales price Adamas paid for Scio's assets by 100,000 shares of Adamas common stock ***five months after the Scio asset purchase transaction closed***; concealed this from Scio's shareholders (now also Adamas shareholders) for over two years; failed to ensure that the remaining 800,000 Adamas shares were delivered, *pro rata*, to Scio's shareholders; and failed to even inform Scio's shareholders who had possession, custody and/or control of the 800,000 Adamas shares. Worse, Scio's directors abandoned the company without protecting the 800,000 Adamas shares by placing them in a trust or by dissolving Scio and distributing them *pro rata* to Scio's shareholders as required by Nevada law.[1]  The Adamas shares now appear to be in limbo as Scio has no way, given its current status, to distribute or deliver them *pro rata* to its own shareholders.

---

[1] This course of conduct, apparently designed to "immunize" the Scio Individual Defendants "from suit while simultaneously making it impossible for the company itself to sue to recover the assets," warranted the Delaware Chancery Court in a similar case to reject the defendant officers' and directors' Rule 23.1 demand defense in *In re Puda Coal, Inc. S'holders Litig.*, C.A. No. 6476–CS (Del. Ch. Feb. 6, 2013) [attached as Exhibit 1 to ECF 36-1].

Importantly, the Ninth Circuit has made clear that it "will ignore the citizenship of 'nominal or formal parties who have no interest in the action,' and are 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (*citing* 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3606, at 409 & n. 2 (2d ed.1984) (*quoting Walden v. Skinner*, 101 U.S. 577, 588–89, (1879) and *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir.1987) ("The addition to a lawsuit of a purely nominal party-the holder of the stakes of the dispute between the plaintiff and the original defendant-does not affect diversity jurisdiction.")).

As Scio apparently remains in possession or control of 800,000 shares of Adamas stock, its primary trustee-like function – the distribution and delivery of Scio's remaining assets (e.g., the Adamas shares) pursuant to an orderly dissolution -- is nearly identical to the trustee-like function of several of the defendants in *Prudental*, which the court there refused to realign to defeat diversity jurisdiction. *Prudential*, 204 F.3d at 873–74 (the "interests of Sosso, Croushore, and PPR in this suit will be those of mere stakeholders charged with delivering the stock to the prevailing party). In addition, because Scio's primary remaining function is ultimately to dissolve and distribute the Adamas shares *pro rata* to all of Scio's shareholders, this is "antagonistic" to Plaintiff (and other Scio shareholders) because Scio would be distributing some of those shares to the Scio Individual Defendants who should not receive any further benefit given their alleged fiduciary breaches. Thus, Scio was properly named as a nominal defendant in the context of this litigation, notwithstanding the derivative nature of several of Plaintiff's claims.

Regardless, to avoid the potential for piecemeal litigation[2], Plaintiff voluntary dismissed **all claims** in the above-captioned action, as follows:

- a Stipulation of Dismissal of Counts I & II, jointly filed with the Scio Individual Defendants pursuant to Fed.R.Civ.P. 41.(A)(1)(ii) [ECF 44]; and

- a Notice of Dismissal pursuant to Fed.R.Civ.P. 41.(A)(1)(i) [ECF 45] of Counts III, IV & V, concerning the Adamas Defendants.[3]

With these dismissals, both the Individual Scio Defendants' Motion to Dismiss [ECF 28] and the Adamas Defendants' Motion to Dismiss [ECF 30] are now moot and should be denied as such.

## CONCLUSION

In light of Plaintiff's voluntary dismissal of **all** of the claims in this action, Plaintiff respectfully requests that this Court deny the pending motions to dismiss as moot and direct the Clerk to close the case.

Dated: June 28, 2024                    Respectfully submitted,

/s/ Martin A Muckleroy
Martin A. Muckleroy
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065
Email: martin@muckleroylunt.com

---

[2] In the event the Court realigned Scio as a party-plaintiff and dismissed Plaintiff's derivative claims for lack of complete diversity, that would still leave Plaintiff's stand-alone class action claim against the Adamas Defendants (Count III) because there is complete diversity as between Plaintiff and the Adamas Defendants. This could lead to piecemeal litigation and/or the absence of critical parties.

[3] Plaintiff's Notice of Dismissal is timely since none of the defendants have filed an answer or a motion for summary judgment. *Hamilton v. Shearson-Lehman American Exp., Inc.*, 813 F.2d 1532 (9th Cir. 1987) (strictly construing Rule 41(A)(1)(i) as permitting a voluntary dismissal of claims provided the defendant has not filed either an "answer" to the complaint or a "summary judgment" motion).

4

|   |   |
|---|---|
| 1 | **EVANGELISTA WORLEY, LLC** |
| 2 | James Evangelista |
| 3 | 10 Glenlake Parkway<br>South Tower Suite 130 |
| 4 | Atlanta, GA 30328<br>Telephone: 404-205-8400 |
| 5 | Facsimile: 404-205-8395<br>jim@ewlawllc.com |

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2024, I personally served a true and correct copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEFING PURSUANT TO JUNE 14, 2024, ORDER** on all parties by causing a true and correct copy to be filed with the court's CM/ECF system, which should automatically send a copy to all counsel of record.

Dated: June 28, 2024

*/s/ Martin A Muckleroy*
Martin A. Muckleroy
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065
Email: martin@muckleroylunt.com